```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 4/4/2025
```

------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION as            :
Trustee for the benefit of Holders of J.P. Morgan :
Chase Commercial Mortgage Securities Corp.,  :
Multifamily Mortgage Pass-Through Certificates, :
Series 2018-SB47,                            :    24-CV-3966 (VEC)
                                             :
                            Plaintiff,       :    OPINION AND ORDER
                                             :
            -against-                        :
                                             :
JOEEFI LLC, THE ESTATE OF JOSEPH             :
GOLDBERGER, EVA GOLDBERGER, BLUE             :
WHALE EAST 182ND LLC, SHONY & G              :
CORP.; CITY OF NEW YORK DEPARTMENT           :
OF ENVIRONMENTAL CONTROL;                    :
DEPARTMENT OF HOUSING PRESERVATION:
AND DEVELOPMENT; and "JOHN DOE #1"           :
through "JOHN DOE #20," the twenty names     :
being fictitious and unknown to the Plaintiffs, the :
person or parties intended being the tenants, :
occupants, persons or corporations, if any, having :
or claiming an interest in lien upon the premises, :
                                             :
                                             :
                            Defendants.      :
                                             :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff U.S. Bank National Association ("Plaintiff") brought this foreclosure action seeking a declaratory judgment barring Defendants of all right, title, lien, claim and equity of redemption as to a mortgaged property. Plaintiff also seeks an order that the mortgaged property be sold, with the proceeds paid into the Court to cover the outstanding balance of the loan and other fees, including attorneys' fees. Defendants Joeefi LLC ("Borrower"), the Estate of Joseph Goldberger, and Eva Goldberger ("Guarantors," and along with Joeefi LLC, the "Borrower Defendants") — the Borrower and Guarantors under the loan — answered the Complaint and

asserted twenty affirmative defenses. No other Defendant answered.[1] Plaintiff moved for summary judgment against the Borrower Defendants and for a default judgment against the Defaulting Defendants. Plaintiff's motions were not opposed. For the following reasons, Plaintiff's motions for summary judgment and default judgment are GRANTED.

## BACKGROUND[2]

This foreclosure action concerns several mortgage agreements between Borrower and various entities that, through a byzantine series of assignments and agreements executed between December 2014 and March 2018, eventually resulted in the assignment to Plaintiff of several loan documents, including a Loan Agreement, Consolidated Mortgage, Consolidated Note, Assignment of Leases, and a City UCC Financing Statement (collectively, the "Loan Documents"). Rule 56.1 Statement, Dkt. 92 ("56.1 Stat."), ¶¶ 15–31. The Loan Documents relate to property at 546 East 182nd Street in the Bronx, New York (the "Mortgaged Property"). *See, e.g.*, Lloyd Decl., Dkt. 93, Ex. 1.

The terms of the Consolidated Note required Borrower to make payments of principal or interest on the first day of each month, with failure to make such payments resulting in late fees and accrued interest. 56.1 Stat. ¶¶ 33, 35–36. Borrower ceased making the monthly payments on December 1, 2023. *Id.* ¶ 38. On February 15, 2024, Plaintiff sent Borrower a Notice of Default and demanded Borrower cure those defaults immediately. *Id.* ¶ 39. On March 19, 2024, Plaintiff sent Borrower another Notice of Default demanding that Borrower pay the entire outstanding Loan balance. *Id.* ¶ 40.

---

[1] Counsel for Defendant Department of Housing Preservation and Development appeared but did not respond to the Amended Complaint. Defendants that did not respond to Plaintiff's pleadings are referred to as the "Defaulting Defendants."

[2] The facts discussed in this section are undisputed because Defendants did not oppose Plaintiff's summary judgment motion. *See* Dkts. 96–97.

On May 22, 2024, Plaintiff initiated this action and subsequently amended the Complaint. *See* Dkts. 1, 47. On August 20, 2024, the Court appointed a temporary receiver of Borrower's assets. *See* Dkt. 46. Plaintiff moved for summary judgment as to the Borrower Defendants and default judgment as to the Defaulting Defendants. *See* Dkt. 90. By letter dated March 10, 2025, Borrower Defendants acknowledged that they defaulted on the Loan and stated that they had no substantive opposition to Plaintiff's summary judgment motion. *See* Dkt. 97.[3]

## DISCUSSION

### I. Standards of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the "burden of showing that no genuine factual dispute exists," and "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005) (quoting *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)). Where, as here, a party's summary judgment motion is unopposed, the Court must examine the motion to ensure that there is no material issue of fact and that Plaintiff is entitled to judgment as a matter of law. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a).

---

[3] Defendant Department of Housing Preservation and Development also filed a letter indicating that it did not intend to oppose Plaintiff's motion but reserving the right to seek any surplus funds resulting from the sale of the Mortgaged Property. *See* Dkt. 96.

In all cases where a plaintiff's claim is not for a sum certain, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

**II.      Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment on its claims to foreclose the mortgage and security interest in the Mortgaged Property and to declare the Guarantors liable for the amount of debt unsatisfied following the sale of the Mortgaged Property. Plaintiff also moves the Court to strike Borrower Defendants' Answer. Finally, Plaintiff argues that it is entitled to attorneys' fees.

### A. Plaintiff is Entitled to Summary Judgment on its Foreclosure Claims

To foreclose on a mortgage under New York law, a plaintiff must establish "its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." *OneWest Bank, NA v. Rubio*, No. 14-CV-3800 CS, 2015 WL 5037111, at *2 (S.D.N.Y. Aug. 26, 2015) (citation omitted); *see also U.S. Bank Nat'l Ass'n v. James*, 180 A.D.3d 594, 594 (1st Dep't 2020) ("Plaintiff demonstrated its prima facie entitlement to summary judgment by submitting the mortgage, unpaid note and evidence of defendants' default."). Once the mortgagee has established its prima facie case, it "'has a presumptive right to foreclose, which can only be overcome by an affirmative showing' by the mortgagor that the mortgagee has engaged in 'fraud, duress, oppressive or unconscionable actions, or bad faith.'" *Rubio*, 2015 WL 5037111, at *2 (citation omitted).

Plaintiff has established that it is entitled to foreclose on the Mortgaged Property and sell it to recoup the outstanding balance due under the Loan Documents. A plaintiff establishes standing by demonstrating that "it was either the holder or assignee of the underlying note" when the mortgage foreclosure action was commenced. *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (quoting *JPMorgan Chase Bank, Nat. Ass'n v. Weinberger*, 142 A.D.3d

4

643, 644 (2d Dep't 2016)).  Plaintiff attached the Consolidated Mortgage and Consolidated Note to its Complaint and detailed the chain of custody of the Consolidated Note, Consolidated Mortgage, and Loan Agreement showing that it was the assignee of the mortgage at the time of the lawsuit and had been for years.  Specifically, in September 2017, Borrower executed and delivered the Consolidated Note, Consolidated Mortgage, and Loan Agreement to Sabal Capital II.  *See* 56.1 Stat. ¶¶ 21–23.  Sabal Capital II immediately assigned those documents to Sabal TL1, LLC, which in turn assigned the documents to Federal Home Loan Mortgage Corp.  *Id.* ¶¶ 25, 27.  On March 27, 2018, Federal Home Loan Mortgage Corp. assigned the documents to Plaintiff, which has held them ever since.  *Id.* ¶¶ 29, 32; Lloyd Decl. ¶ 37.

Plaintiff has also provided evidence of Borrower's default.  Borrower failed to make monthly payments as required under the Consolidated Note beginning in December 2023.  56.1 Stat. ¶¶ 33, 38.  Failure to remit such payments constitutes an Event of Default under the Consolidated Note.  *Id.* ¶ 37.  Because Plaintiff has produced the Consolidated Mortgage, the unpaid Consolidated Note, and evidence of Borrower's default, it has established a prima facie entitlement to summary judgment on its mortgage foreclosure action.  *See Rubio*, 2015 WL 5037111, at *2.

The burden shifts to Borrower Defendants to show that Plaintiff engaged in "fraud, duress, oppressive or unconscionable actions, or bad faith."  *Id.* (citation omitted).  Although Borrower Defendants' Answer raises a host of affirmative defenses, including that Plaintiff's actions are barred by bad faith, *see* Answer, Dkt. 52, ¶ 111, they failed to oppose Plaintiff's summary judgment motion and have presented no evidence to overcome Plaintiff's prima facie case.  *See Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465–66 (S.D.N.Y. 2001) (noting non-moving party must present evidence that is credible and not conclusory or speculative in opposing summary judgment in foreclosure action).  Accordingly,

there is no material question of fact, and Plaintiff is entitled to judgment as a matter of law. *See Vermont Teddy Bear Co.*, 373 F.3d at 244.

### B. Guarantors are Liable for Any Deficiency Remaining After the Sale of the Mortgaged Property

In a claim seeking to hold a guarantor liable for a debt owed, New York law requires the plaintiff to establish its prima facie entitlement to summary judgment by establishing that the agreements were executed and payment was not made. *KLS Diversified Master Fund, L.P. v. McDevitt*, 507 F. Supp. 3d 508, 530 (S.D.N.Y. 2020) (citation omitted), *aff'd*, No. 21-1263, 2022 WL 2759055 (2d Cir. July 13, 2022). To do so, Plaintiff must present evidence that the promissory notes exist and the personal guarantees were executed by each Guarantor against whom Plaintiff is seeking judgment. *Id.* at 531 (citing *TD Bank, N.A. v. Clinton Ct. Dev., LLC*, 105 A.D.3d 1032, 1035 (2d Dep't 2013)).

Plaintiff has presented evidence that Borrower signed the Consolidated Note, and the Guarantors signed the Guaranty with Sabal Capital II, LLC. *See* Lloyd Decl., Exs. 6, 9. Borrower is liable for all sums due under the Consolidated Note, and Guarantors are "absolutely, unconditionally, and irrevocably" liable for all amounts for which Borrower is liable. *Id.* Due to Borrower's default, described in Section II.A. *supra*, Plaintiff has established that Guarantors are liable for any outstanding balance due under the Loan Documents following the sale of the Mortgaged Property.

### C. Borrower Defendants' Answer is Stricken

Plaintiff also moves to strike Borrower Defendants' Answer. On summary judgment a plaintiff can "challenge the legal sufficiency of an affirmative defense where it can show there is no evidence to support the nonmoving party's case." *United Cent. Bank v. Shree Ganesh Properties, LLC*, No. 10 CV 8116 VB, 2012 WL 5992803, at *3 (S.D.N.Y. Nov. 7, 2012) (citing

*F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994)).  As discussed above, by supplying the mortgage, note, and evidence of default, and detailing the chain of custody of those documents, Plaintiff has established its prima facie foreclosure case; Borrower Defendants' affirmative defenses based on failure to state a claim, standing, or lacking evidence are not supported by any evidence in the record.  *See* Answer ¶¶ 101, 110, 112, 114, and 120.

Plaintiff has further shown that there is no evidence in the record that: Plaintiff waived enforcement of the Loan Agreement; Plaintiff's claim is time-barred by laches or the statute of limitations; Plaintiff has violated any state or federal law related to lending; there was any defect in the Loan Documents or with their delivery; any equitable considerations, such as bad faith, apply; Plaintiff failed to provide notice or opportunity to cure; or the interest that has accrued is usurious.  *See id.* ¶¶ 102–09, 111, 113, 115–19, and 121.  Defendant's Answer is, therefore, stricken.

### D.  Plaintiff is Entitled to Attorneys' Fees

Pursuant to Section 8.03(a) of the Loan Agreement, "[u]pon an Event of Default" and Plaintiff's exercise of any rights or remedies under the Loan Documents, "Borrower will pay all associated costs, including Attorneys' Fees and Costs."  Lloyd Decl., Ex. 8, at 35.  Similarly, Section 3 of the Guaranty requires Guarantors to pay "[a]ll costs and expenses, including reasonable Attorneys' Fees and Costs, incurred by [Plaintiff] in enforcing its rights under this Guaranty."  *Id.*, Ex. 9, at 1.  Section 31(c) of the Consolidated Mortgage permits Plaintiff "to collect all costs and expenses allowed by New York law, including Attorneys' Fees and Costs . . . ."  *Id.*, Ex. 7, at 17.  New York law permits the recovery of attorneys' fees when authorized by the parties' agreement.  *See Barrow v. Rocksprings Mgmt. Co.*, 169 A.D.2d 585, 585 (1st Dep't 1991).  Under the terms of the Loan Documents, Plaintiff is entitled to attorneys' fees.

### III.     Plaintiff's Motion for Default Judgment

Plaintiff also moves for default judgment against the Defaulting Defendants. Plaintiff served its Complaint and Amended Complaint on the Defaulting Defendants and filed proof of service. *See* Dkts. 19, 21–23, 49. Only one of the Defaulting Defendants appeared, and none responded to the Complaint or Amended Complaint. Plaintiff obtained Clerk's Certificates of Default against the Defaulting Defendants. *See* Dkts. 85–89. Rule 55 of the Federal Rules of Civil Procedure requires Plaintiff to prove the Defaulting Defendants failed to defend "by affidavit or otherwise," Fed. R. Civ. P. 55(a); Plaintiff did so by way of a declaration proving the default, *see* Lichtenstein Decl., Dkt. 94, ¶¶ 12–24.

A district court is permitted, but not required, to conduct a hearing before ruling on a motion for default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (noting that "the decision whether to conduct a hearing before deciding the default judgment motion" is "committed to the district court's discretion"). Defaulting Defendants have had ample opportunity to respond to Plaintiff's claims since this action was initiated in May 2024, and it is unnecessary for Plaintiff to incur additional costs in this matter. Accordingly, it is unnecessary to hold a hearing, and Plaintiff is entitled to default judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for summary judgment and default judgment are GRANTED. Plaintiff is entitled to foreclose the mortgage and security interest in the Mortgaged Property, and Guarantors are liable for the amount of debt unsatisfied following the sale of the Mortgaged Property. Borrower Defendants are also liable to Plaintiff for attorneys' fees and costs in connection with this action. Defendants are barred of all right, title, lien, claim and equity of redemption as to the Mortgaged Property.

The Court will enter separate Orders more fully detailing the relief granted to Plaintiff and referring the parties to a Magistrate Judge for an inquest to determine damages.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 90 and to enter judgment in Plaintiff's favor.

**SO ORDERED.**

Date:  April 4, 2025
       New York, New York

                                        **VALERIE CAPRONI**
                                        **United States District Judge**