UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                    Plaintiff,<br><br>          -against-<br><br>JOEEFI LLC, et al.,<br><br>                    Defendants. | 24-CV-3966 (VEC) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 4, 2025, Judge Valerie E. Caproni issued an Order entering summary judgment as to

liability in favor of Plaintiff U.S. Bank National Association ("Plaintiff") against Defendants Joeefi LLC,

the Estate of Joseph Goldberger, and Eva Goldberger (collectively the "Borrowing Defendants"); and

entering default judgement as to liability in favor of Plaintiff against Defendants Blue Whale East

182nd LLC, Shony & G Corp., the City of New York department of Environmental Control, and the

Department of Housing Preservation and Development (collectively, "Defaulting Defendants"). (ECF

98, Opinion & Order; ECF 99, Order.) By Order of Reference dated April 4, 2025 (ECF 100), Judge

Caproni referred this case to me to conduct an inquest to determine appropriate damages.

On April 8, 2025, I issued a Scheduling Order for Damages Inquest (ECF 101) requiring, in

part, that Plaintiff provide evidence sufficient to permit the Court to "ascertain the amount of

damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155

(2d Cir. 1999). The Scheduling Order provided that if Plaintiff sought actual (as opposed to statutory

or nominal) damages, the Proposed Findings of Fact had to be supported by one or more

declarations or affidavits, which could attach and authenticate any documentary evidence needed

1

to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief was required to be in admissible form.

On April 29, 2025, Plaintiff filed a Proposed Findings of Fact and Conclusions of Law ("PFOF"), a declaration by Jamie Katilus attaching exhibits in support of the damage request, and a declaration by Mark S. Lichtenstein in support of attorneys fees and attaching the attorney invoices. (*See* ECF 104, PFOF; ECF 105 Katilus Decl. (attaching exhibits); ECF 106, Lichtenstein Decl.; ECF 106-1, Akerman LLP Invoices.) Borrowing Defendants filed a brief in opposition to the Plaintiff's PFOF, as well as a declaration by Meyer Y. Silber and copies of referenced case law. (*See* ECF 108, Borrowing Defs.' Opp.; ECF 108-1 Silber Decl.; ECF 108-2, Case Law.) I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages.

## Deficiencies in Plaintiff's Submissions

**Prepayment Premiums:** Plaintiff claims to be entitled to $24,297.49 in prepayment penalties under Section 4 of the Consolidated Note. (See ECF 104, PFOF at 6; ECF 105, Katilus Decl. ¶ 56(b).) Section 4 of the Consolidated Note provides that Joeefi, LLC must pay the Prepayment Charge specified by Schedule 1 of the Note in connection with any Prepayment under the Note. (See ECF 105-8, Consolidated Note.) Plaintiff's submission is insufficient as it does not state when Joeefi, LLC made a Prepayment and how Plaintiff calculated the $24,297.49 figure.

**Special Servicing Fee:** Plaintiff claims $22,089.48 in special servicing fees pursuant to Section 6.17(c) of the Loan Agreement. (*See* ECF 104, PFOF at 6; ECF 105, Katilus Decl. ¶ 56(c).) Section 6.17(c) of the Loan Agreement provides that Joeefi, LLC will pay or reimburse Sabal Capital II, LLC for all reasonable attorneys' fees, costs, and expenses incurred by Sabal Capital II, LLC or the

2

Loan Servicer. (*See* ECF 105-11, Loan Agreement (Part 2) ¶ 6.17(c).) However, Plaintiff provides no explanation for how Plaintiff reached the $22,089.48 figure.

**Liquidation Fees:** Plaintiff claims $49,665.07 in Liquidation Fees. (See ECF 104, PFOF at 6.) Neither the declarations and attached exhibits nor the Proposed Findings of Fact and Conclusions of Law provide an explanation why Plaintiff is entitled to Liquidation Fees or how Plaintiff calculated the $49,665.07 in liquidation fees.

**Demand and Release Fee:** Plaintiff claims a Demand and Release Fee of $750. (See ECF 104, PFOF at 6.) But Plaintiff provides no explanation for where this figure came from or why it is entitled to it. This fee was listed in the proposed findings of fact but not in the declaration. Additionally, it was not listed in the consolidated note.

**Late Charge:** Under Section 5(a) of the Consolidated Note, Joeefi, LLC must pay a Late Charge of 5% of any overdue payment or amount. (*See* ECF 105-8, Consolidated Note at 7.) Plaintiff claims Late Charges of $15,792.22, but Plaintiff does not articulate how it reached this figure. (*See* ECF 104, PFOF ¶ 1[2]; ECF 105, Katilus Decl. ¶ 56(a).)

**Interest on Protective Advances:** Plaintiff claims it is entitled to $32,410.05 in interest on the Protective Advances. (See ECF 104, PFOF at 6; ECF 105, Katilus Decl. ¶ 59.) Plaintiff does not explain why it is entitled to interest on any protective advances, which of the protective advances are subject to interest, at what rates, and over what period.

**Prejudgment Interest:** Plaintiff claims prejudgment Interest at 9% per annum, for a total of $427,112.03, from December 1, 2023, through April 29, 2025. (See ECF 104, PFOF at 6). Plaintiff provides no explanation why or why Plaintiff is entitled to prejudgment interest or why the Court should use a prejudgment interest rate of 9%.

3

**Plaintiff's Identity:** Plaintiff does not explain its relationship with Regions Bank, or the relationship between Regions Bank and SCP Servicing LLC, which is the successor in interest to Sabal financing group.

### Order To Supplement

Plaintiff has failed to substantiate all their claimed damages to a reasonable certainty. In the interest of justice, I will afford Plaintiff another opportunity to explain its proposed damages calculations. Accordingly, is it **ORDERED** that, by **March 13, 2026**, Plaintiff shall make a supplemental submission in further support of their claimed damages that:

1. Provides more information on the requested **prepayment premium**, including (a) when Joeefi, LLC made a prepayment and (b) how Plaintiff calculated the penalties.

2. Explains how the requested **special servicing fee** was calculated.

3. Provides more information on the requested **liquidation fees**, including (a) why Plaintiff is entitled to such fees and (b) how such fees were calculated.

4. Provides more information on the requested **demand and release fee**, including (a) why Plaintiff is entitled to that fee and (b) how it was calculated.

5. Explains how the requested **late charge** was calculated

6. Identifies (a) the basis for the claimed entitlement to interest on **protective advances**, (b) for which such interest is sought, and (c) at what rates and over what period.

7. Provides more information on the requested **prejudgment interest**, including an explanation (a) why Plaintiff is entitled to prejudgment interest and (b) why the operative prejudgment interest rate is 9%.

8.  Explains Plaintiff's relationship with Regions Bank, and the relationship between Regions

    Bank and SCP Servicing LLC, which is the successor in interest to Sabal financing group.

DATED: March 4, 2026
        New York, New York

                                                   SO ORDERED.

                                                   _____
                                                   **ROBYN F. TARNOFSKY**
                                                   United States Magistrate Judge

5