USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/28/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

U.S. BANK NATIONAL ASSOCIATION as           :
Trustee for the benefit of Holders of J.P. Morgan     :
Chase Commercial Mortgage Securities Corp.,      :
Multifamily Mortgage Pass-Through Certificates,    :
Series 2018-SB47,                     :
                                       :
                              Plaintiff,     :                24-CV-3966 (VEC)
                                       :
            -against-                   :          ORDER ADOPTING
                                       :            REPORT &
JOEEFI LLC, THE ESTATE OF JOSEPH        :       RECOMMENDATION
GOLDBERGER, EVA GOLDBERGER, BLUE       :
WHALE EAST 182ND LLC, SHONY & G        :
CORP.; CITY OF NEW YORK DEPARTMENT    :
OF ENVIRONMENTAL CONTROL; and        :
DEPARTMENT OF HOUSING PRESERVATION:
AND DEVELOPMENT                     :
                                       :
                                       :
                            Defendants.   :
----------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 22, 2024, Plaintiff initiated this foreclosure action against

Defendants Joeefi, LLC ("Borrower"), Eva Goldberger and the Estate of Joseph Goldberger

(together, "Guarantors," and with the Borrower, the "Borrowing Defendants"), Blue Whale East

182nd LLC ("Blue Whale"), Shony & G Corp. ("Shony & G"), the City of New York Department

of Environmental Control ("NYCDEC"), the City of New York Department of Housing

Preservation and Development ("NYHPD"), and John Does 1–20, in connection with Borrower's

default on a loan by Plaintiff to Borrower, *see* Compl., Dkt. 1;

WHEREAS Plaintiff filed an amended complaint on August 21, 2024, *see* Am. Compl.,

Dkt. 47 ("Amended Complaint");

WHEREAS on September 10, 2024, Borrowing Defendants answered the Amended Complaint, *see* Dkt. 52;

WHEREAS Blue Whale, Shony & G, and NYCDEC (together, the "Defaulting Defendants") failed to appear, answer, or otherwise respond to the Amended Complaint;

WHEREAS NYHPD appeared but filed no responsive pleading;

WHEREAS on January 29, 2025, the Clerk of Court issued Certificates of Default against the Defaulting Defendants, *see* Dkts. 85, 87, 88, and NYHPD, *see* Dkt. 86;

WHEREAS on February 14, 2025, Plaintiff moved for summary judgment against the Borrowing Defendants and for default judgment against the Defaulting Defendants and NYHPD, *see* Dkt. 90;

WHEREAS on April 4, 2025, the Court granted Plaintiff's motion for summary judgment and default judgment, struck Borrowing Defendants' answer from the docket, terminated John Does 1–20 from this action, *see* Dkt. 99, and referred the case to Magistrate Judge Tarnofsky for the preparation of a report and recommendation ("R&R") calculating "the amount due to Plaintiff under the Loan Documents," *see* Dkts. 99, 100;

WHEREAS on March 18, 2026, Judge Tarnofsky entered an R&R, recommending that final judgment be entered in favor of Plaintiff in the amount of $3,434,126.53,[1] plus post-judgment interest at a rate calculated based on the weekly average one-year constant maturity treasury yield for the week preceding the date on which judgment is entered, *see* R&R, Dkt. 124;

---

[1] The $3,434,126.53 reflects the sum of: (i) the unpaid principal balance of $2,429,749.04; (ii) protective advances in the amount of $205,277.08; (iii) attorneys' fees and legal costs in the amount of $133,805.25; and (iv) prejudgment interest in the amount of $665,295.16.  *See* R&R at 25.

WHEREAS in the R&R, Judge Tarnofsky notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *see id.* at 25–26;

WHEREAS in the R&R, Judge Tarnofsky further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *see id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing the R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full.  The Clerk of Court is respectfully directed to (i) enter judgment in favor of Plaintiff directing payment to Plaintiff by the Borrowing Defendants in the amount of **$3,434,126.53**, **plus post-judgment interest** at a rate calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered, and (ii) CLOSE this case.

Because the R&R gave the parties adequate warning, *see* R&R at 25–26, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C*

3

*Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").


       **SO ORDERED.**

**Date:  April 28, 2026**
       **New York, New York**

                          **VALERIE CAPRONI**
                    **United States District Judge**